IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS DISTRICT COUNCIL OF KANSAS CITY PENSION FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 05-0216-CV-W-DW |
| RILEY CONSTRUCTION CO., INC., | ) ) ) | |
| Defendant. | ) | |

**<u>DEFAULT JUDGMENT</u>**

Upon the motion of the Carpenters District Council of Kansas City Pension Fund, Carpenters District Council of Kansas City and Vicinity Welfare Fund, Carpenters District Council of Kansas City and Vicinity Apprenticeship and Training Fund, plaintiffs in the above-entitled cause for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and it appearing to the Court that:

1. Plaintiffs herein on the 8th day of March, 2005 filed their Complaint against the defendant herein; and

2. The defendant was served through its Registered Agent, Jeff Davison, by Special Process Server with a copy of the Summons and Complaint on the 14th day of March, 2005, at 1018 W. St. Maartens Drive, Suite 200, St. Joseph, Missouri 64506, and therefore the Court has jurisdiction over said defendant; and

3. This action arises and subject matter jurisdiction is properly based on Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. 185, and Section 502 of the

1

Employee Retirement Income Security Act, 29 U.S.C. 1132, and therefore the Court has subject matter jurisdiction over the within cause; and

    4.    Defendant has failed to answer or otherwise defend as to plaintiffs' Complaint, or serve a copy of any answer or other defense upon plaintiffs' attorneys of record or upon plaintiffs; and the plaintiffs have heretofore filed in the within cause on the 15th day of April, 2005, the following pleadings and caused the same to be mailed by certified mail to: Jeff Davison, Registered Agent, 1018 W. St. Maartens Drive, Suite 200, St. Joseph, Missouri 64506:

    a.    Plaintiffs' Affidavit of Failure to Plead or Otherwise Defend in Support of Application for Entry for Default as Required by Rule 55(a) Federal Rules of Civil Procedure.

    b.    Plaintiffs' Motion for Default Judgment by the Court (Pursuant to Rule 55(b)(2) Federal Rules of Civil Procedure).

    c.    Suggestions in Support of Plaintiffs' Motion for Default Judgment by the Court; and

    5.    The Court entered a show-cause order on the 25th day of April, 2005 directing defendant to show cause why default judgment should not be entered against it and caused said Order to be mailed by certified mail to: Jeff Davison, Registered Agent. Nevertheless, no proceedings have been made by defendant since the institution of this action or the aforementioned Order of the Court to show cause why default judgment should not be entered.

It is therefore, ORDERED, ADJUDGED and DECREED that judgment by default is hereby entered against defendant, Riley Construction Co., Inc., and in favor of plaintiffs, Carpenters District Council of Kansas City Pension Fund, Carpenters District Council of Kansas City and Vicinity Welfare Fund, Carpenters District Council of Kansas City and Vicinity Apprenticeship and Training Fund and their respective Trustees for failure to answer or to plead,

pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

## COUNT I

1. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **January 3, 2000,** to date.

2. That the plaintiff, Carpenters District Council of Kansas City Pension Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 3, 2000,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

3. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Carpenters District Council of Kansas City Pension Fund on behalf of employees working under the collective bargaining agreements.

4. That defendant put up cash deposits in advance of work and/or enter into an

escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

5. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

**COUNT II**

1. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **January 3, 2000,** to date.

2. That the plaintiff, Carpenters District Council of Kansas City and Vicinity Welfare Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 3, 2000,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

3. That the defendant specifically perform the provisions of the collective

bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Carpenters District Council of Kansas City and Vicinity Welfare Fund on behalf of employees working under the collective bargaining agreements.

    4.    That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

    5.    That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

**COUNT III**

    1.    Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **January 3, 2000,** to date.

    2.    That the plaintiff, Carpenters District Council of Kansas City and Vicinity Apprenticeship and Training Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 3, 2000,** to date times

5

the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

3. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Carpenters District Council of Kansas City and Vicinity Apprenticeship and Training Fund on behalf of employees working under the collective bargaining agreements.

4. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

5. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

Date:   September 22, 2005